Donald BRADFISCH, Plaintiff–
Appellant,

v.

TEMPLETON FUNDS, INC. and
Templeton Global Advisors, Ltd.,
Defendants–Appellees.

Vince Kwiatkowski, Edmund Woodbury
and Joseph Parise, Jr., Plaintiffs–
Appellants,

v.

Templeton Growth Fund, Inc., et
al., Defendants–Appellees.

Nos. 05–3390, 05–3558, 05–3559, 05–3586.

United States Court of Appeals,
Seventh Circuit.

June 15, 2006.

Robert L. King, Korein Tillery, St. Louis, MO, for Plaintiffs–Appellants.

Frank N. Gundlach, Jeffery T. McPherson, Armstrong Teasdale, St. Louis, MO, Daniel A. Pollack, Pollack & Kamnisky, New York, NY, for Defendants–Appellees.

Before Hon. FRANK H. EASTERBROOK, Hon. KENNETH F. RIPPLE, and Hon. DIANE P. WOOD, Circuit Judges.

## Order

Appellants maintain in their petition for rehearing that the panel failed to consider the possibility that the cases had been removed to district court after the time provided by 28 U.S.C. § 1446(b) had expired. We omitted this subject because appellants did not mention it in the memoranda filed at the court's direction concerning the appropriate disposition of the appeals in light of *Dabit*. Moreover, the district court did not rely on § 1446(b) when holding the removal proper; instead, the district court wrote, removal was authorized by 15 U.S.C. § 77p(c) whether or not it would have been timely under § 1446(b). The district judge added that, although defendants had relied expressly on § 77p(c), plaintiffs "have not addressed the removability of the case under [this] SLUSA provision." That remains true: appellants' petition for rehearing discusses § 1446(b) to the exclusion of § 77p(c) and thus does not afford any basis for reconsideration.

As for appellants' contention that they have pursued a direct rather than a derivative action because state law requires direct suits with respect to "an injury to the shareholder which is distinct from the corporation": appellants do not identify any such distinct injury. The value of their shares declined because the funds' assets were diminished by third parties' arbitrage activity. That is a classic derivative injury. Appellants' petition for rehearing does not refer to any statute or judicial decision of the states in which the Templeton mutual funds are incorporated that would allow (let alone require) a direct action under the common law of negligence for managerial failure to take steps that would diminish the funds' attractiveness to arbitrageurs.

Appellants could obtain relief only if this court were prepared to reexamine the holding of *Kircher II*, for their cases are materially identical to those resolved in that decision. But the reasoning in *Kircher II* was approved by the Supreme Court in *Dabit*, and certiorari was denied in *Kircher II* itself to the extent that the plaintiffs sought review of the substantive portion of our decision. We do not perceive any reason why the substantive holding of *Kircher II* should not be applied to these four appeals.

The petition for rehearing is denied.